**FILED**
JUL 05 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

"Rocky" Roque De La Fuente,

Plaintiff,

v.

State of Illinois; Charles W. Scholz, Chairman of the Illinois State Board of Elections; and DOES 1-20 inclusive.

Defendant.

1:16-cv-06984
Judge Amy J. St. Eve
Magistrate Judge M. David Weisman

COMPLAINT FOR:

1) Violation of the Due Process Clause – 42 U.S.C. § 1983 - Undue Burden

JURY TRIAL REQUESTED

## PLAINTIFF'S COMPLAINT

### JURISDICTION & VENUE

1. This is an action for legal and equitable relief pursuant to 42 U.S.C. §1983 for violation of Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution and for violation of the "Elections" Clause of Article I, Section 4, of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1367.

### PARTIES

3. Plaintiff "Rocky" Roque De La Fuente ("De La Fuente") is a candidate for President of the United States desiring to have his name put on the 2016 Presidential ballot in Illinois. De La Fuente meets all the statutory requirements to place his name on the ballot except for the petition requirements of 10 ILCS 5/10-3. 10 ILCS 5/7-10, 10 ILCS 5/8-8, 10 ILCS 5/10-4, 10 ILCS 5/10-8, and 10 ILCS 10-2.

1

4. Defendant, Charles W. Scholz is the Chairman of the Illinois State Board of Elections, the entity that is the supervisor and director of all election matters in Illinois.

5. The State of Illinois is responsible for the statutory scheme in question.

6. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and, thereby, proximately and legally caused injury and damage to Plaintiffs as herein alleged. Plaintiffs will ask leave of the Court, as necessary, to amend this complaint to set forth their true names and/or capacities once same are ascertained.

## **ELECTION STATUTES IN QUESTION**

7. When combined, 10 ILCS 5/10-3. 10 ILCS 5/7-10, 10 ILCS 5/8-8, 10 ILCS 5/10-4, 10 ILCS 5/10-8, and 10 ILCS 10-2 create a statutory scheme that infringes upon the constitutional rights of the Plaintiffs to fully and properly participate in the electoral process.

8. Chapter 10 Section 5/10-3 of the Illinois Compiled Statutes (10 ILCS 5/10-3) outlines the signature requirements and deadlines that an Independent presidential candidate needs to submit to be placed on the general election ballot:

"Nomination of independent candidates (not candidates of any political party), for any office to be filled by the voters of the State at large may also be made by nomination papers signed in the aggregate for each candidate by 1% of the number of voters who voted in the next preceding Statewide general election or 25,000 qualified voters of the State, whichever is less." 10 ILCS 5/10-3.

9. For the 2016 general election, an independent presidential candidate in 2016 needs to collect 25,000 signatures in order to be named on the general election ballot in Illinois.[1]

---

[1] In the October 2015 edition of *Ballot Access News*, ballot access expert Richard Winger estimated that an

10. Chapter 10 Section 5/7-10 of the Illinois Compiled Statutes (10 ILCS 5/7-10, 8-8, 10-4) outlines an onerous time requirement for circulating petitions sheets:

"Petition sheets must not be circulated more than 90 days preceding the last day for the filing of the petitions. The circulator's statement on a candidate's petition sheet must specify either the dates on which the sheets were circulated, the first and last dates on which the sheet was circulated or that none of the signatures on the sheet were signed more than 90 days preceding the last day for filing the petitions." 10 ILCS 5/7-10, 8-8, 10-4.

11. Chapter 10 Section 5/10-4 of the Illinois Complied Statutes (10 ILCS 5/10-4) stipulates that "a petition circulator may not circulate for more than one political party". 10 ILCS 5/10-4.

12. Chapter 10 Section 5/10-4 of the Illinois Complied Statutes (10 ILCS 5/10-4) stipulates that "a petition circulator may not circulate for an independent candidate or candidates in addition to candidates for a new political party." 10 ILCS 5/10-4.

13. Chapter 10 Section 5/10-4 of the Illinois Complied Statutes (10 ILCS 5/10-4) stipulates that "a petition circulator may not circulate for more than one new political party." 10 ILCS 5/10-4.

14. Chapter 10 Section 5/7-10, 8-8, 10-4 of the Illinois Compiled Statutes (10 ILCS 5/7-10, 8-8, 10-4) outlines an onerous requirement for verification by requiring a petition circulator to complete the circulator's statement at the bottom of each petition sheet certifying address, age and citizenship information and also certifying that the signatures on that sheet were signed in his/her presence and are genuine and that to the

---

independent presidential candidate in 2016 would need to collect 25,000 signatures in Illinois in order to get on the ballot. https://ballotpedia.org/Ballot_access_requirements_for_presidential_candidates_in_Illinois

best of his/her knowledge the persons so signing were duly registered voters of the political subdivision for which the candidate or candidates shall be nominated, or elected, and that their respective registration addresses are correctly stated therein. This statement shall be sworn to and signed before an officer authorized to administer oaths in Illinois. 10 ILCS 5/7-10, 8-8, 10-4.

15. Chapter 10 Section 5/10-3 of the Illinois Compiled Statues (10 ILCS 5/10-3) stipulates that a person may sign the petitions of one established political party for the Primary Election and one new political party or independent for the subsequent General Election." 10 ILCS 5/10-3.

16. Chapter 10 Section 5/7-10, 8-8, 10-2, 10-3, 10-4 of the Illinois Compiled Statutes (10 ILCS 5/7-10, 8-8, 10-2, 10-3, 10-4) stipulates that petition signers must be registered voters in the political subdivision in which the candidate is seeking nomination or election. 10 ILCS 5/7-10, 8-8, 10-2, 10-3, 10-4.

17. 10 ILCS 5/10-8 sets out the method for objecting to the validity of a candidate's petition:

> Any legal voter of the political subdivision or district in which the candidate or public question is to be voted on, or any legal voter in the State in the case of a proposed amendment to Article IV of the Constitution or an advisory public question to be submitted to the voters of the entire State, having objections to any certificate of nomination or nomination papers or petitions filed, shall file an objector's petition together with 2 copies thereof in the principal office or the permanent branch office of the State Board of Elections, or in the office of the election authority or local election official with whom the certificate of nomination, nomination papers or petitions are on file.

18. De La Fuente enjoys a significant modicum of support nationally and in the State of Illinois.

## **CONSTITUTIONAL PROVISIONS**

19. Article I, Section 4, of the United States Constitution, commonly referred to as the "Elections Clause," provides, in relevant part:

4

The Times, Places, and Manner of holding Elections for Senators and representatives, shall be prescribed in each State by the Legislature thereof...

20. Article 4, Section 2, of the United States Constitution provides:

The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

21. The First Amendment of the United States Constitution provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people to peaceably assemble, and to petition the government for a redress of grievances.

22. The Fourteenth Amendment of the United States Constitution provides, in relevant part:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

### COUNT 1
**Declaratory and Injunctive Relief - 42 U.S.C. § 1983 – Violation of the Due Process Clause – Undue Burden**

23. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in paragraphs above.

24. In order to prevail on a §1983 claim Plaintiffs must show that: (1) the conduct complained of was committed by a person acting under the color of state law: and (2) the conduct deprived a person of rights, privileges or immunities secured by the

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

25. Defendant, Charles W. Scholz, Chairman of the Illinois State Board of Elections acting under color of state law, is imposing statutory scheme that unduly burdens Plaintiff and deprives him and those who would vote for him the fundamental right to vote for their candidate in public office.

26. When combined, 10 ILCS 5/10-3. 10 ILCS 5/7-10, 10 ILCS 5/8-8, 10 ILCS 5/10-4, and 10 ILCS 10-2 create a statutory scheme that infringes upon the constitutional rights of the Plaintiffs to fully and properly participate in the electoral process.

27. The high signature requirement, short time-frame that candidates are able to collect signatures, early June 27th deadline for nominating petitions, restrictions on both who can sign and circulate nominating petitions, and an objection process that is simple to initiate and can be started by any voter in Illinois, create a statutory scheme whose requirements are in excess of those that satisfy constitutional standards and unduly infringe upon the constitutional rights of the Plaintiffs to fully and properly participate in the electoral process.

28. The Statutory scheme, when looked at as a whole, presents an undue burden to ballot access by placing multiple roadblocks in Plaintiff's path, each of which increase the difficulty and costs of achieving ballot access to create an unduly burdensome statutory scheme.

29. The courts have invalidated a variety of petition requirements, many of them far less onerous than the requirements in Indiana. The trend amongst the Courts is to allow more ballot access in order to give the people more choice, not less. *See, e.g.*, Green Party of Ga. v. Kemp, 2016 U.S. Dist. LEXIS 34355 Case # 1:12-cv-

6

01822-RWS Document 92 (invalidating a requirement of over 50,000 signatures for minor political parties and independent candidates, lowering the number of required signatures to 7,500); *Constitution Party of Pennsylvania v Cortes*, e.d., cv-12-2726 (invalidating a petition requirement of 21,775 signatures and lowering the amount to 5,000 signatures); *Nader v. Brewer*, 531 F.3d 1028, 1031 (9th Cir. 2008) (invalidating Arizona's independent Presidential petition procedure requiring 14,694 signatures due in June); *Citizens to Establish a Reform Party in Ark. v. Priest*, 970 F. Supp. 690, 691, 698-99 (E.D. Ark 1996) (invalidating a requirement of 21,505 signatures to form a new party); *Libertarian Party of Ohio*, 462 F.3d at 595 (invalidating an early petition deadline requiring 32,290 signatures); *McLain v. Meier*, 637 F.2d 1159 at 1161, 1170 (8th Cir. 1980) (invalidating a requirement of 15,000 signatures for newly qualifying parties).

**WHEREFORE**, Plaintiffs ask that the Court enter judgment:

A. Declaring that Illinois's statutory scheme unconstitutionally infringes upon the Plaintiff's right to ballot access and to participate in the electoral process;

B. Declaring that the Illinois statutory requirements impose an unduly and unjustifiable burden on Independent presidential candidates;

C. Declaring that Illinois has no compelling interest in imposing the statutory restrictions upon Independent presidential candidates; and that such burden on Independent candidates outweighs any interest the State may have in requiring Independent candidates to amass 25,000 signatures, while adhering to the other restrictions on the circulations of petitions cited herein; by the June 27th deadline.

D. Declaring that Illinois's statutory scheme violates the Equal Protection Clause;

E. Enjoining this statutory scheme;

F. Ordering that De La Fuente be placed on the 2016 Presidential Ballot in Illinois;

G. Granting De La Fuente such other and further relief as to which he may be entitled and which the Court may deem equitable and just;

H. Awarding attorney fees and costs.



Respectfully Submitted,

"Rocky" Roque De La Fuente

5440 Morehouse Drive # 45

San Diego, California 92121

roque@rocky2016.com

(858) 239-9007