IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROQUE DE LA FUENTE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-cv-06984 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| STATE OF ILLINOIS; CHARLES W. SCHOLZ, | ) | |
| CHAIRMAN OF THE ILLINOIS STATE BOARD | ) | |
| OF ELECTIONS; and DOES 1-20 INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

In this action, Plaintiff Roque "Rocky" De La Fuente seeks a declaration that various provisions of the Illinois Election Code violate his due process rights, as well as an order that his name be placed on the 2016 Presidential ballot in Illinois as an independent candidate. (R.1, Compl.). The named Defendants—the State of Illinois and Charles W. Scholz ("Scholz"), as Chairman of the Illinois State Board of Elections—have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (R.7).

For the following reasons, the Court grants Defendants' motion, dismissing the complaint with prejudice as to the State of Illinois and without prejudice as to Defendant Scholz. If Plaintiff intends to seek leave of Court to add a claim under 10 ILCS 5/7-43, he must file a formal motion pursuant to Federal Rule of Civil Procedure 15(a)(2) by October 14, 2016.

## BACKGROUND

Plaintiff "is a candidate for President of the United States desiring to have his name put on the 2016 Presidential ballot in Illinois" who "meets all the statutory requirements to place his name on the ballot except for [certain] petition requirements" of the Illinois Election Code. (R.1, Compl. ¶ 3).[1] Plaintiff now challenges the validity of those requirements, including 10 ILCS 5/10-3 (regarding signatures required to nominate independent candidates); 10 ILCS 5/7-10, 10 ILCS 5/8-8, and 10 ILCS 5/10-4 (regarding the form and timing of nomination petitions, including restrictions on petition circulators); 10 ILCS 5/10-8 (regarding objections to nomination papers); and 10 ILCS 10/2 (regarding the qualification of a "political party").

---

[1] Defendants dispute this contention, arguing that Plaintiff has not met certain filing and notification deadlines under the Illinois Election Code. (R.10, Opening Br. at 6; R.15, Reply Br. at 3) (citing 10 ILCS 5/10-5 and 10 ILCS 5/10-6). The Court, however, accepts all well-pled allegations as true against a Rule 12(b)(6) challenge. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

According to Plaintiff, this statutory scheme, viewed as a whole, "presents an undue burden to ballot access" in violation of the First and Fourteenth Amendments. (*Id.* ¶ 28).

Defendants' motion does not focus on the validity of the challenged statutes, either individually or as a whole. Instead, Defendants argue that Plaintiff lacks standing to raise such claims under a *separate* provision of the Illinois Election Code, 10 ILCS 5/7-43. According to Defendants, because Plaintiff already ran—and lost—in the 2016 Democratic primary, this "sore loser" statute bars him from running in the 2016 general election as an independent candidate. The Court now addresses Defendants' factual challenge to standing under Rule 12(b)(1).

## LEGAL STANDARD

In ruling on a Rule 12(b)(1) motion to dismiss for lack of standing, "the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Ret. Chicago Police Assoc. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996)). District courts may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (citation and quotation omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing[,]" including (i) injury in fact; (ii) causation; and (iii) redressability. *Lee*, 330 F.3d at 468 (citation and quotation omitted). "If standing is challenged as a factual matter, the plaintiff must come forward with 'competent proof'—that is a showing by a preponderance of the evidence—that standing exists." *Id.*

## ANALYSIS

### I. Dismissal of the State of Illinois

The State of Illinois first seeks dismissal on the basis that it is immune from suit under the Eleventh Amendment. (R.10, Opening Br. at 2-3). Plaintiff does not challenge this request for dismissal. (R.13, Response Br. at 11). Accordingly, the Court dismisses the State of Illinois from this action, with prejudice.

### II. Standing

The Court turns to the application of 10 ILCS 5/7-43. That statute provides, in part, that:

> A person (i) who filed a statement of candidacy for a partisan office as a qualified primary voter of an established political party or (ii) who voted the ballot of an established political party at a general primary election may not file a statement of candidacy as a candidate of a different established political party or as an independent candidate for a partisan office to be filled at the general election immediately following the general primary for which the person filed the statement or voted the ballot.

10 ILCS 5/7-43.

Plaintiff's complaint does not reference this provision. His response brief, however, acknowledges its applicability and observes that it "poses a challenge[.]" (R.13, Response Br. at 6). Plaintiff admits that he "was listed on Illinois' March 15, 2016 primary election ballot as a democratic candidate for President" and that, "[a]bsent the full support of the Democratic Party, [he] did not win the primary Democratic election." (*Id*. at 4). Plaintiff appears to acknowledge the central premise of Defendants' Rule 12(b)(1) challenge – that is, if 10 ILCS 5/7-43 is valid, "he cannot challenge other provisions [of the Illinois Election Code] as applied to other candidates." *See Storer v. Brown*, 415 U.S. 724, 737, 94 S. Ct. 1274, 1282, 39 L. Ed. 2d 714 (1974) (holding that a "disaffiliation statute" is "an absolute bar to candidacy, and a valid one").

In response to the motion to dismiss, Plaintiff now requests leave to amend his complaint to challenge the validity of 10 ILCS 5/7-43. (R.13, Response Br. at 2, 6-7). Such a request, however, "must be made by motion" and must "state with particularity the grounds for seeking the order[.]" *See* Fed. R. Civ. P. 7(b)(1); *see also* Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1485 (3d ed.) ("A motion to amend under Rule 15(a), as is true of motions generally, is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application. In order to satisfy these prerequisites a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed"). Here, Plaintiff has failed to file a motion seeking to amend his complaint or to attach an amended complaint, or to otherwise indicate the "exact nature of the amendments proposed." *See Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (affirming district court discretion to deny leave to amend); *see also Gonzalez-Koeneke v. W.*, 791 F.3d 801, 808-09 (7th Cir. 2015), *reh'g denied* (Aug. 3, 2015) ("nowhere does she address her proposed amendments or their merits"). Indeed, apart from arguing that "sore loser" laws are "failing legal scrutiny throughout the nation"—a proposition for which he offers no legal authority—Plaintiff fails to discuss the purported invalidity of 10 ILCS 5/7-43. (R.13, Response Br. at 5). *Contra S. Carolina Green Party v. S. Carolina State Election Comm'n*, 612 F.3d 752, 757-60 (4th Cir. 2010) (concluding that "South Carolina had important regulatory interests that justified the modest burden imposed by its nondiscriminatory application of the sore-loser statute," and recognizing that such holding "rendered moot" the plaintiff's other constitutional challenges); *Libertarian Party of Michigan v. Johnson*, 905 F. Supp. 2d 751, 762 (E.D. Mich. 2012), *aff'd*, 714 F.3d 929 (6th Cir. 2013) ("The Supreme Court's decision in *Storer* . . . goes a long way toward confirming the constitutionality of the Michigan sore loser statute").

Accordingly, the Court grants Defendants' motion to dismiss without prejudice as to Defendant Scholz. If Plaintiff intends to seek leave of Court to add a claim under 10 ILCS 5/7-43, he must file a formal motion pursuant to Federal Rule of Civil Procedure 15(a)(2). *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"). Any such motion must be made by October 14, 2016. The Court advises Plaintiff, however, that it may "deny leave for a variety of reasons, including . . . futility. Amendment is futile if the added claim would not survive a motion to dismiss or a motion for summary judgment." *Kuhn v. United Airlines, Inc.*, 640 F. App'x 534, 536–37 (7th Cir. 2016) (citations omitted). The Court therefore advises Plaintiff to consider the impact of *Storer v. Brown*, 415 U.S. 724 (1974), among other legal authorities, before filing his motion for leave to amend.

3

If no such motion is filed by October 14, 2016, this Rule 12(b)(1) dismissal will convert to one with prejudice, with respect to both Scholz and Does 1-20 inclusive, for failure to demonstrate standing with respect to Plaintiff's other constitutional claims. *See Storer*, 415 U.S. at 737 (holding that a validly disqualified candidate cannot challenge other provisions of the election code); *Lee*, 330 F.3d at 468 (noting that the plaintiff bears the burden of establishing the required elements of standing).

## CONCLUSION

For the stated reasons, the Court grants Defendants' motion, dismissing the complaint with prejudice as to the State of Illinois and without prejudice as to Defendant Scholz. The Court strikes the status hearing scheduled for November 21, 2016.

**Dated:** October 3, 2016

_____
AMY J. ST. EVE
United States District Court Judge

4